UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DARRELL WAYNE ELAM,                               CIVIL NO. 05-2425 (RHK/JSM)

      Petitioner,

v.                                                REPORT AND RECOMMENDATION

JEFF WALTON,[1]
Warden,

      Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's Petition for Writ of Habeas Corpus under Title 28 U.S.C. Section 2241 [Docket No. 1]. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

## I.    FACTUAL BACKGROUND

Petitioner is a federal prisoner currently incarcerated at the Federal Prison Camp Duluth, Minnesota ("FPC Duluth"). Petitioner was sentenced by the United States District Court for the Western District of Missouri to a 90-month prison term, followed by five years of supervised release for Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. § 846. See Declaration of Angela Buege ("Buege Decl."), ¶ 3, Attachment A. Petitioner has a projected release date of August 22, 2006, under good conduct time release. Id.

Sometime before October 10, 2003, Petitioner sought an administrative determination from the Bureau of Prisons ("BOP") as to whether successful completion of a residential drug

---

[1] The Government argued that the named Respondent in this case should be acting warden Jeff Walton at the Federal Prison Camp - Duluth, rather J.F. Caraway. Petitioner has

treatment program ("RDAP") would entitle him to a reduced sentence. See Response of Warden in Opposition to Petition for Writ of Habeas Corpus ("Response") at p. 2. On October 10, 2003, Petitioner was determined to be ineligible by the BOP for early release consideration under 18 U.S.C. § 3621(e). Id., ¶ 4. The basis for the BOP's decision was that the Elam had received a two-point enhancement for firearms as part of his sentence. Id., ¶ 4, Attachment B. Under BOP Program Statement 5162.04, inmates who receive sentencing enhancements for a possession of a firearm relating to the conviction of a felony drug offense, would not be granted early release. See Buege Decl., ¶ 4, Attachment C. On October 24, 2003, Petitioner was notified that he did not meet the requirements for participation in RDAP and § 3621(e) eligibility. Id., ¶ 4, Attachment D. Nevertheless, Petitioner underwent drug treatment. Petitioner completed the RDAP on March 8, 2005.[2] Id., ¶ 5, Attachment E.

## II.  DISCUSSION

This Petition concerns the federal inmate early release program created under 18 U.S.C. § 3621(e) and the BOP's application of regulations making certain categories of inmates ineligible for early release under this program. See 28 C.F.R. § 550.58; Program Statement 5162.04 Categorization of Offenses. In particular, Petitioner claims: (1) that the BOP abused its statutory discretion in its decision to exclude Petitioner from consideration of early release for his two-point enhancement for firearm possession; (2) that the BOP failed to comply with the Administrative Procedures Act ("APA") when it promulgated 28 C.F.R. § 550.58 and Program Statement 5162.04; and (3) that the BOP's decision to exclude him from

---

not objected to the change, and the caption of this document reflects that change.

[2]   Respondent, through his counsel, conceded in a November 29, 2005 letter that Petitioner had completed the RDAP and that he was no longer pursuing the argument that the Petition was not ripe for decision. [Docket No. 11].

2

early release violated his right to due process and equal protection.  See Memorandum of Law in Support of Habeas Corpus Petition ("Petitioner's Mem.") at p. 5. Petitioner has conceded that he has not exhausted his administrative remedies as it relates to his denial of early release.

### A.    Exhaustion of Remedies

Respondent argued that Petitioner=s habeas petition should be dismissed on the grounds that he has not exhausted his administrative remedies, and in fact deliberately bypassed the exhaustion requirement.  See Response of Warden in Opposition to Petition For Writ of Habeas Corpus at pp. 5-8.  Petitioner has admitted that he did not exhaust his administrative remedies, but claimed that he should be excused from complying with the exhaustion requirement as it would be futile, given the BOP has predetermined that he was not eligible for early release and his need of immediate judicial review outweighs the purpose of the exhaustion requirement.

The Court recognizes that federal prisoners normally must exhaust all available administrative remedies before seeking federal habeas corpus relief under 28 U.S.C. ' 2241. United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam); Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993); Leighnor v. Turner, 884 F.2d 385, 387 (8th Cir. 1989); Willis v. Ciccone, 506 F.2d 1011 (8th Cir. 1974); United States v. Sithithongtham, 11 Fed.Appx. 657, 658 (8th Cir. 2001) (per curiam) (unpublished opinion); United States v. Stuckey, 33 Fed.Appx. 245 (8th Cir. 2002) (per curiam) (unpublished opinion).  However, in rare cases, habeas petitioners can be excused from the exhaustion requirement, if they can show that proceeding through the administrative remedy process would undoubtedly be an

exercise in futility that could serve no useful purpose. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) ("[e]xceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action"); see also Elwood v. Jeter, 386 F.3d 842, 844, n. 1 (8th Cir. 2004) (exhaustion requirement waived based on government=s concession that Acontinued use of the [administrative] grievance procedure to contest the validity of the BOP=s new policy [on CCC eligibility] would be futile@); Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004) (finding that a court may waive the exhaustion requirement for a ' 2241 petition to prevent prejudice caused by unreasonable delay or when an agency has predetermined an issue).

Here, the BOP has already come to a decision as to Petitioner's ineligibility for early release for participation in RDAP, and has given no indication that it would alter its decision.[3] Further, requiring Petitioner to exhaust his administrative remedies at this time and then re-file his action, would cause him irreparable prejudice, when, under his calculation, he is presently eligible for release. Therefore, the Court will not require Petitioner to engage in this exercise in futility and will waive the exhaustion requirement under the specific facts of this case.

### B.   Statutory Authority under 18 U.S.C. § 3621

Petitioner argued that the BOP abused its statutory authority when it denied him a sentence reduction for completion of the RDAP pursuant to 18 U.S.C. § 3621(e)(2)(B). This Court disagrees. Section 3621(e) offers inmates who are convicted of nonviolent offenses and successfully complete a drug treatment program the opportunity for a sentence reduction as an

---

[3]   See Buege Decl., Attachments B, D.

incentive to participate in treatment. Specifically, 18 U.S.C. § 3621(e)(2)(B) provides:

> The period a prisoner convicted of a non-violent offense remains in custody after successfully completing a treatment program <u>may</u> be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must serve.

(Emphasis added).

To implement § 3621, the BOP promulgated regulation 28 C.F.R. § 550.58 and Program Statement 5162.04, which set forth the eligibility for the early-release incentive. <u>See</u> <u>Bellis v. Davis</u>, 186 F.3d 1092, 1094 (8th Cir. 1999). Section 550.58 provides in relevant part:

> a) Additional early release criteria.
>
> (1) As an exercise of the discretion vested in the Director of the Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> * * *
>
> (vi) Inmates whose current offense is a felony:
>
> * * *
>
> (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon. . .

Program Statement 5162.04 § 7 allows the BOP to preclude individuals found guilty of drug offenses that involve an increase in the offender's base level for possession of a dangerous weapon during the commission of the offense. <u>See</u> Buege Decl., Attachment D at pp. 1, 11-12.

Here, Petitioner was found guilty Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. § 846 and was given a two-point sentencing enhancement for possession of firearms. <u>See</u> Buege Decl., ¶¶ 3-4, Attachments A-B. The United States Supreme Court has found that the BOP may categorically exclude prisoners based on their preconviction conduct

5

and that the BOP reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggested his readiness to resort to life-endangering violence. See Lopez v. Davis, 531 U.S. 230, 244 (2001).  Therefore, this Court concludes that the BOP's decision not to release Elam early, based on his possession of a firearm in connection with the commission of a felony drug offense, was proper.

However, even if this Court ignored the BOP's determination that a felony conviction of a drug offence, coupled with a sentencing enhancement for firearms, precluded an inmate from being eligible for early release by participating in RDAP, the "language of section 3621(e)(2)(B) is permissive, stating that the Bureau 'may' grant early release, but not guaranteeing eligible inmates early release." Zacher v. Tippy, 202 F.3d 1039, 1041 (8th Cir. 2000) (citing Bellis, 186 F.3d at 1094); see also Lopez, 531 U.S. at 241 ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."); Grove v. Federal Bureau of Prisons, 245 F.3d 743, 746 (8th Cir. 2001) ("Section 3621(e)(2)(B) provides the BOP with *discretionary* authority. . . .") (emphasis in original).  Thus, given that there is nothing in 18 U.S.C. § 3621(e)(2)(B) that mandates early release, this Court does not find that BOP violated its statutory authority when it denied him a sentence reduction for completion of the RDAP pursuant to 18 U.S.C. § 3621(e)(2)(B).

### B.    APA Claim

Petitioner also argued that the BOP failed to comply with the APA when promulgating either 28 C.F.R. § 550.58 or Program Statement 5162.04 (or both), which bear on his alleged right for an early release for participating in a RDAP. See Petitioner's Mem. at p. 5.

APA requires agencies, including the BOP, to provide notice of a proposed rule and a public comment period. See 5 U.S.C. § 553; see also United States v. DeLeon, 330 F.3d 1033, 1036 (8th Cir. 2003) ("The APA's rulemaking provisions require three steps to enact substantive rules: notice of the proposed rule, a hearing or receipt and consideration of public comments, and the publication of the new rule."). On October 9, 1997, the BOP issued Program Statement 5162.04, which placed certain criminal offenses into categories that would preclude receipt of program benefits. See Sizemore v. Marberry, No. 04-CV-72282-DT, 2005 WL 1684132 at *1 (E.D. Mich. July 14, 2005). This program statement was promulgated a second time on October 15, 1997. In this second promulgation, the BOP labeled the Program Statement an interim regulation, and made it effective on October 9, 1997, while it solicited public comments through December 15, 1997. See 62 Fed. Reg. 53,690, 53,691; Sizemore, 2005 WL 1684132 at *2. On December 22, 2000, the BOP replaced the 1997 interim regulation with a final regulation, which adopted the 1997 regulation. See 65 Fed. Reg. 80,745. While the Ninth Circuit in Paulsen v. Daniels, 413 F.3d 999, 1008 (9th Cir. 2005) has concluded that "the 1997 interim regulation is invalid as to those persons disqualified by it prior to the issuance of the final rule," in this case, Petitioner was not even sentenced for his crime May 10, 2001, was not notified that he was ineligible by the Bureau of Prisons ("BOP") for early release consideration under 18 U.S.C. § 3621(e) until October 10, 2003, and did not complete his RDAP until March 8, 2005. See Buege Decl., Attachments A-B; Respondent's letter to the Court dated November 29, 2005 [Docket No. 11]. Both of these events occurred after the BOP had adopted its final regulation on December 22, 2000. As such, any argument surrounding the adoption of the interim version of 28 C.F.R. § 550.58 has no application to Petitioner and must fail.

This Court also finds that there is no APA violation as to Program Statement 5162.04 since program statements are internal agency guidelines not subject to the notice and comment requirements of the APA.  See Reno v. Koray, 515 U.S. 50, 61 (1995) (describing a BOP program statement as an "internal agency guideline . . . akin to an 'interpretive rule' that 'do[es] not require notice and comment'") (quoting Shalala v. Guernsey Mem'l Hosp., 514 U.S. 87, 99 (1995)); see also 5 U.S.C. § 553(b)(3) (notice and comment period of APA does not apply to "to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice."); Gunderson v. Hood, 268 F.3d 1149, 1155 (9th Cir. 2001) (finding program statements, are not subject to the APA's notice and comment requirements); Royal v. Tombone, 141 F.3d 596, 600 (5th Cir. 1998) (same) (citation omitted).

### C. Due Process and Equal Protection Claims

Petitioner claimed that the BOP's decision to exclude him from early release violated his right to due process and equal protection.  See Petitioner's Mem. at p. 5.  Petitioner made no argument and provided no case law in support of this assertion.  Consequently, it is presumed that Petitioner is waiving this claim.  Even if he was not, this Court finds that there is no liberty interest in a reduced sentence, and 18 U.S.C. § 3621(e)(2)(B) does not afford such an interest. See Hernandez v. Lindeman, No. CIV. 00-1165 (JRT/FLN), 2002 WL 31163074 at *3 (D. Minn. Sept. 24, 2002) (finding that even if defendant had exhausted his administrative remedies concerning his ineligibility to participate in a RDAP, he could not prevail on a due process claim, because § 3621(e) does not create a liberty interest cognizable under the Due Process Clause); see also Egan v. Hawk, 983 F. Supp. 858, 864 (D. Minn. 1997) (noting that although § 3621(e)(2)(B) allows the BOP to shorten an inmate's sentence by up to one year, it does not mandate such a reduction, as conditional language did not create a liberty interest) (citing

8

<u>Greenholtz v. Nebraska Penal Inmates</u>, 442 U.S. 1, 7 (1979)); <u>see</u> <u>generally</u>, <u>Lopez</u>, 531 U.S. at 239-41 (2001) (noting as significant Congress's use of "may" rather than "shall" in § 3621(e)). Further, having concluded that there was nothing unlawful about the BOP's decision to deny Petitioner early release based on his completion of the RDAP, the Court can find no grounds for Petitioner's equal protection claim.

In sum, for the reasons stated above, this Court recommends that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, as it relates to the BOP's refusal to give him early release for participation in RDAP, be dismissed.

**RECOMMENDATION**

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED THAT:

1. The Petition for Writ of Habeas Corpus under Title 28 U.S.C. Section 2241 [Docket No. 1] be **DENIED**;

2. This matter be dismissed with prejudice.

Dated:     December 13, 2005

            s/ *Janie S. Mayeron*
            JANIE S. MAYERON
            United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **December 30, 2005** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.